

**FILED**

July 11, 2023 10:05 AM
SX-2021-CR-00004
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| People of the Virgin Islands,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Dejani Sweeney.<br><br>　　　　　　Defendant. | Criminal No. SX-21-CR-004<br><br>Charges:<br><br>Unauthorized Possession of a Firearm<br>　　14 V.I.C. § 2253(a)<br>Unauthorized Possession of a Firearm<br>In a Vehicle<br>　　14 V.I.C.§ 2253(e)<br>Possession of Ammunition<br>　　14 V.I.C. § 2256(a)<br>Possession of a Controlled Substance<br>w/intent to Distribute<br>　　19 V.I.C. § 604(a) & (b)(1)(A) |

### Cite as: 2023 VI Super 40U

**Attorney Martial W. Webster, Sr., Esq.,**
Counsel for Defendant Dejani Sweeney
#116 Queen Cross Street
Frederiksted, Virgin Islands 00840

**AAG Jared W. Burke, Esq.,**
Counsel for the People of the U.S.V.I.
Department of Justice
RR#1 Box 6151
Kingshill, Virgin Islands 00850

*Jomo Meade, Senior Sitting Judge*

## MEMORANDUM OPINION

¶ 1.　　**THIS MATTER** is before the Court on the Motion to Suppress filed by Dejani Sweeney, (hereinafter "Sweeney") and the People's Response. Sweeney moves the Court to suppress the items of evidence that were

retrieved from the search of his vehicle after he was stopped for a traffic violation. For the reasons outlined below, the motion is **GRANTED**.

## Factual Background

¶ 2.        Sweeney was arrested on December 31, 2020 and charged with various criminal offenses after officers of the Virgin Islands Police Department (VIPD) stopped Sweeney's vehicle for a traffic infraction. Subsequently, the officers executed a search of Sweeney's vehicle on the claim that two of the officers, Almont King and Nick Felicien, detected the strong scent of marijuana coming from Sweeney's vehicle. There were two other persons in the vehicle with Sweeney. Aiyanna Stubbs was seated in the front passenger seat and Elvis Villar was seated in the back seat behind the driver. As a result of the search, the officers retrieved marijuana and firearms. On July 7, 2021, Sweeney filed a motion to suppress asserting that the search of his vehicle violated the Fourth and Fifth Amendments to the United States Constitution made applicable to him by section 3 of The Revised Organic Act of 1954 (48 U.S.C. §1561). On September 9, 2022 the People filed their Opposition to the motion contending that the stop of the vehicle was lawful and the officers' detection of the smell of marijuana provides the probable cause which validates the warrantless search of the vehicle and the occupants.

¶ 3.        The Court conducted a hearing on the motion to suppress on September 14, 2022. At the hearing, VIPD officer Almont King testified that

on December 31, 2020 a number of officers were deployed in various communities to advance the objectives of the Virgin Islands Police Department Crime Initiative. Officers King, Felicien and several other officers were located on Mahogany Road in the Grove Place vicinity. Officer King described the deployment as a "saturated patrol". The mission on that night was to detect and deter the excessive discharge of shots that usually occur on New Year's Eve. When Defendant Sweeney approached that location driving a maroon Acura TSX, Officer King, using his flashlight, signaled Sweeney to stop and pull the vehicle over.

¶ 4.     According to Officer King's testimony, his observation that the vehicle did not have a front license plate triggered the stop. Officer King then communicated with the occupants of the vehicle and instructed Sweeney to provide his driver's license, proof of insurance and registration. Sweeney provided his license, proof of insurance and title but no registration. It was then that Officer King detected the smell of marijuana coming from the vehicle and asked Sweeney whether he had any marijuana in the vehicle. At first Sweeney said, "no" but when Officer Felicien informed Sweeney that the officers were going to conduct a search of the vehicle, Sweeney produced a small "plastic baggie" with a green leafy substance and stated that was all he had. The officers instructed the occupants to exit the vehicle "one by one" patted them down and recovered a firearm from the waistband of Elvis Villar. Thereafter, they conducted a

search of the vehicle and recovered a firearm under the driver's seat, and a firearm and marijuana in a red and black backpack that was located on the rear seat.

¶ 5.     On Cross examination, Officer King acknowledged that he first spoke to Sweeney through the front passenger window while Ms. Stubbs was sitting in the front passenger seat. It was after Officer King moved around to the driver's side and acquired the requested documents from Sweeney that he advised Sweeney of the reason for the stop and that the officer detected the smell of marijuana. Officer King further testified that he was unable to tell whether he smelled burnt, unburnt or green marijuana. He was unable to say whether he could detect the smell of marijuana coming from the jar or the "plastic baggie" that he recovered. Officer King testified that he only detected the strong scent of marijuana coming from the vehicle.

¶ 6.     Ms. Aiyanna Stubbs testified that Officer King first spoke to Sweeney through the front passenger window while she was still sitting in the passenger seat. Officer King instructed Sweeney to provide his driver's license, proof of insurance and registration but did not respond to questions about why they were being stopped, even though he was asked repeatedly. During the exchange, Officer King asked Sweeney where they were going to which Sweeney replied that they were going to church. Officer King appeared to dismiss Sweeney's response with a laugh and

asked the question a few more times. Officer King later moved to the driver's side window and accepted the documents from Sweeney. It was then that Officer King told them that that they were being stopped for not having a front license plate and stated that he smelled "smoke". The officer then informed the occupants that they were going to conduct a search and instructed them to exit the vehicle.

## The Legal Standard

¶ 7.      The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures. *U.S. Const. amend. IV*. The Fourth Amendment applies to the Virgin Islands through *Section 3 of the Revised Organic Act of 1954*, 48 U.S.C. § 1561. *People of the V.I. v. Armstrong*, 64 V.I. 528, 530 n.1 (V.I. 2016). Under the Fourth Amendment, "searches and seizures conducted outside the judicial process without the approval of a judge or magistrate, are per se unreasonable, subject to a few well-delineated exceptions." *Nicholas v. People of the V.I.*, 56 V.I. 718, 738 (2012) (citing *Katz v. United States*, 389 U.S. 347, 357(1967)). Accordingly, the Fourth Amendment permits searches and seizures only by warrant approved by a judge or magistrate, unless an exception applies. *United States v Mundy*, 621 F. 3d 283, 287(3rd Cir. 2010)(citing *California v Acevedo*, 500 U.S. 565, 580 (1991)). One exception to the Fourth Amendment's warrant requirement is the automobile exception. Under the automobile exception to the Fourth

Amendment warrant requirement, the police may conduct a warrantless search of a motor vehicle if probable cause exists to believe that the vehicle contains contraband or other evidence of a crime. *United States v. Burton*, 288 F.3d 91, 100 (3rd. Cir. 2002) (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).

## DISCUSSION

### 1. The Stop of the Vehicle

¶ 8.      As it relates to the stop of the vehicle the facts are not in dispute. The parties do not dispute that the Sweeney's vehicle did not display a license plate mounted on the front of the body of the vehicle. Officer King testified that he stopped the vehicle because of the absence of the front license plate. Ms. Aiyanna Stubbs testified that the license plate was on the right corner of the dashboard next to the windshield, rather than mounted on the front. The Virgin Islands Code requires that vehicles are fitted with two license plates, one of which is to be visibly mounted on the front of the body of the vehicle and the other mounted on the rear. Therefore, motorists who do not have a license plate mounted on the front of the body of their vehicle are operating their vehicles in violation of the traffic laws of the Virgin Islands. *V.I. Code Ann. Tit. 20 § 334(a)*. Consequently, Virgin Islands police officers may stop a vehicle to investigate a traffic violation without offending the Fourth amendment if they observe the vehicle being operated without displaying a front license

plate. "The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred". *Whren v. United States*, 517 U.S. 806, 810 (1996). "Reasonableness is always the touchstone of the Fourth Amendment." *County of Los Angeles v. Mendez*, 137 S.Ct. 1539, 1546 (2017). Undoubtedly, it was reasonable for Office King to stop the vehicle to investigate what he observed as a traffic violation. The stop did not violate the Fourth Amendment.

¶ 9.      When police officers stop a vehicle to investigate a traffic violation and detain the occupants, the stop constitutes a seizure within the meaning of the Fourth Amendment. *Brendlin v. California*, 551 U.S. 249, 255 (2007). "The Fourth Amendment applies to all seizures including seizures that involve only a brief detention short of traditional arrest". *Brown v. Texas*, 443U.S. 47, 50 (1979). However, a traffic stop, which extends beyond the time to complete the matters for which the stop was made violates the constitutional protection against unreasonable seizures. Therefore, a seizure justified by a traffic violation becomes unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). Evidently, the search of the vehicle extended the seizure beyond the scope of detention that would be required to issue a ticket. The evidence establishes that the officers extended the traffic stop beyond the reasonable duration of a traffic stop to investigate their claim of having

detected the smell of marijuana. To the extent that officers detect evidence of criminal activity during the investigation of a traffic stop they may extend the stop to address the suspected criminal activity. However, they must have reasonable, articulable suspicion of such criminal activity. *United States v. Hurtt*, 31 F. 4th 152, 160 (3rd Cir. 2022). In the absence of probable cause or even the lesser threshold of reasonable suspicion, the stop though lawful in its initial execution, becomes unlawful as an unreasonable extension of the detention necessary to complete the investigation of a traffic violation. See *Rodriguez, supra.*

2. The Search of the Vehicle

¶ 10.    A traffic stop is in the nature of a *Terry* stop in which the police may lawfully detain an automobile and its occupants for a brief period to investigate a traffic violation. *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). To perform a pat-down or frisk of the driver or any passenger the police must have at least a reasonable suspicion that the person is armed and dangerous. *Id.* However, where officers conduct a search of a vehicle stopped for a traffic violation, they must have probable cause that evidence of crime is contained within to justify the search. *United States v. Ortiz*, 422 U.S. 891, 896-897(1975). Officer King testified that the reason that the occupants were instructed to exit the vehicle and patted down was to conduct a search of the vehicle. There is no contention that the officers had any concern or reasonable suspicion that the occupants of the vehicle

8

were armed and dangerous. The fact that officers found contraband does not determine the validity of a warrantless search. *Michigan v. DeFillipo*, 443 U.S. 31, 36 (1979). The Fourth amendment does not permit officers to extend the duration of a traffic stop to conduct a search for which there is no probable cause. "Probable cause exists where facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been committed". *Blyden v. People of the V.I.*, 53 V.I. 637,650 (V.I. 2010).

¶ 11.    The demand that the driver and passengers exit the vehicle, and the eventual search of it were triggered by the officers' claim that they smelled the strong scent of marijuana. "It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion but probable cause." *People of the V.I. v. Looby*, 68 V.I. 683, 698(V.I.2018) (citing *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004)). Probable cause to search the vehicle would have existed if the officers smelled the odor of marijuana coming from the vehicle when they approached it to make contact with the driver.

¶ 12.    As it stands, there is no independent method by which the Court may determine whether the officers actually detected the odor of marijuana. Therefore, a finding of probably cause will depend heavily on the credibility of Officer King's testimony. Officer King testified that there

is a difference between the smell of burnt and unburnt marijuana. However, he stated that at the time that the officers decided to conduct the search of the vehicle, he could not tell whether what he smelled was burnt or unburnt marijuana. The People have the burden to show that Officer King has the capacity to detect the smell of marijuana. The People provided no evidence of Officer King's training or experience in detecting the different smell of marijuana. In fact, Officer King testified that he was unable to say whether he could detect the scent of marijuana from the "plastic baggie" or jar that the officers recovered from the car.

¶ 13.     The manner in which the testimony described the packaging of the marijuana discovered is relevant to Officer King's testimony. The marijuana that was handed to the officers by the Sweeney was enclosed in a plastic bag. The marijuana that was recovered from the search of the vehicle was packaged in a lidded jar and placed in a backpack. The Court is unconvinced by the testimony of the officers, particularly Officer King, that at the time of the stop Officer King could have detected a strong scent of marijuana emanating from Sweeney's vehicle. The Court is unconvinced because of the manner in which the marijuana described was packaged and Officer King's inability to distinguish the difference in the odor of burnt and unburnt marijuana. The exclusionary rule is prophylactic. That is, it is designed to prevent law enforcement violation of citizens' rights. The

People failed to establish by the preponderance of the evidence of record that the officers had probable cause to search Sweeney and his vehicle.

## CONCLUSION

¶ 14.    When the Officers stopped Sweeney for failure to visibly display a license plate on the front of the body of his vehicle, the stop was legitimate since the failure to display a front license plate is a traffic violation. Police officers may stop vehicles and detain drivers and passengers briefly without violating the Fourth Amendment if there is reasonable suspicion that the driver has violated traffic laws. However, the officers violated Sweeney's Fourth Amendment protections when they conducted a search of the vehicle without probable cause. Moreover, the lack of probable cause extended the traffic stop beyond its reasonable duration and therefore violated the Defendant's Fourth Amendment protections. The stop, though initially valid, became unlawful. The claim of the smell of marijuana upon which the search was predicated lacks credibility and therefore does not satisfy the standards of the Fourth Amendment's requirement of probable cause. The motion to suppress is **GRANTED**. An appropriate order will follow.

**DONE AND SO ORDERED** this 10th day of July 2023.

**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

11

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| People of the Virgin Islands, | Criminal No. SX-21-CR-004 |
| Plaintiff, | Charges: |
| v. | Unauthorized Possession of a Firearm<br>    14 V.I.C. § 2253(a)<br>Unauthorized Possession of a Firearm<br>In a Vehicle<br>    14 V.I.C.§ 2253(e)<br>Possession of Ammunition<br>    14 V.I.C. § 2256(a)<br>Possession of a Controlled Substance<br>w/intent to Distribute<br>    19 V.I.C. § 604(a) & (b)(1)(A) |
| Dejani Sweeney. | |
| Defendant | |

### ORDER

**THIS MATTER** is before the Court on Defendant Dejani Sweeney's Motion to Suppress items of evidence recovered from the search of his vehicle during a traffic stop. The premises having been considered and consistent with the attached memorandum is it hereby

**ORDERED** that Sweeney's motion is **GRANTED**; and it is further

**ORDERED** that all items recovered from the search of the Sweeney's vehicle are suppressed and may not be used in the trial; and it is finally

**ORDERED** that a copy of this order be served on all parties.

**DONE AND SO ORDERED** this 10th day of July, 2023.

**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

12

**A T T E S T**

**TAMARA CHARLES**
CLERK OF THE COURT

By: _____  07/11/2023

**CLERK SUPERVISOR**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 12, 2023 10:09 AM
SX-2021-CR-00004
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v. Dejani J. Sweeney**

Case Number: **SX-2021-CR-00004**
Charges: **14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2253(E) - Unauthorized Possession of a Firearm in a Vehicle**

# NOTICE of ENTRY
## of
## ORDER

**To:** Jared William Burke, Esq.

Martial A. Webster, Sr., Esq.

**Please take notice that on July 12, 2023** a(n) **Memorandum Opinion and Order** dated **July 11, 2023** was/were entered **by the Clerk in the above-titled matter.**

**Dated:** July 12, 2023

**Tamara Charles**

**Clerk of the Court**

By:

**Tisha Laurencin**
**Court Clerk II**